ALLEN *v.* WYNNE WHOLESALE GROCERY COMPANY.

Opinion delivered October 18, 1920.

ASSIGNMENT FOR BENEFIT OF CREDITORS—EVIDENCE OF HOLDING UNDER.
—In attachment proceedings by creditors who had sold goods to the purchaser of the stock of a bankrupt, evidence *held* to justify a finding that the trustee in bankruptcy who was in possession of the stock of goods was not holding under an assignment by the purchaser for benefit of creditors, but was attempting to hold them as trustee in bankruptcy.

Appeal from Cross Circuit Court; *R. H. Dudley,* Judge; affirmed.

*J. C. Brookfield,* for appellant.

The sole question here is whether the law court was within its province in proceeding with an attachment against property in the hands of an assignee in chancery under a deed of assignment. The attachment should have been quashed, as the property was not subject to attachment and it was in the hands of a receiver appointed and qualified by a court of superior jurisdiction. 83 Ark. 182; 104 *Id.* 222; 39 *Id.* 68; 122 *Id.* 39. See, also, 56 Ark. 1. The trustee was acting properly in undertaking to hold the property for all the creditors. If the attachment fails, the service is not good, and the action should be dismissed. The deed of assignment was field in the chancery court, and the court below erred in not sending the matter to the chancery court, where all creditors could be heard and properly settled.

*Giles Dearing,* for appellee.

WOOD, J.   Thomas S. Downey was trustee in bankruptcy in charge of a stock of goods belonging to R. C. Dalton, the bankrupt, a merchant at Parkin, Arkansas. R. W. Allen purchased the Dalton stock at the trustee's sale and executed his note therefor in the sum of $1,155. Allen took charge of the stock of goods at the same stand occupied by Dalton.   He bought other goods and placed them in with the Dalton stock.   When Allen's note for the Dalton stock became due, he failed to pay the same and the referee in bankruptcy ordered Downey to take possession of Allen's stock of goods.   Allen left the State without paying his creditors.   These creditors appeared before the referee in bankruptcy and represented that the trustee of R. C. Dalton, the bankrupt, had in his possession a large amount of goods which had been sold by them to Allen.   Upon the showing made to the referee, he ordered Downey to release these goods, after having Dalton point out the goods that belonged to his stock when he went into bankruptcy.

The referee offered to sell to the creditors of Allen the entire stock of goods in the receiver's hands belonging to Dalton for the amount due by Allen on the Dalton stock, and requested the trustee, Downey, to remove the Dalton stock from the building, unless the creditors of Allen accepted the offer. Allen's creditors declined to accept and asked the trustee to permit them to see the goods for the purpose of ascertaining what goods he had in his possession which they had sold to Allen. The trustee refused this request, and the creditors of Allen, on the 9th day of July, sued out attachments against Allen.

The sheriff, in levying the attachments, had Dalton, the bankrupt, to point out the goods that were in his stock at the time Allen purchased the same, and separated these goods from those that had been bought by Allen after he took charge, and levied the attachment upon the other goods belonging to Allen. Allen moved to quash the attachment, setting up that the court had no jurisdiction for the reason that the property attached was held by the receiver appointed by a court of superior jurisdiction. At the hearing of the motion, the clerk of the chancery court of Cross County was asked the following questions:

"Q.   I want to ask if there has been a deed of assignment filed for the benefit of creditors in your court by Thos. S. Downey, as trustee for R. W. Allen?

"A.   I suppose this is what you are talking about. (Handing the attorney a paper.)

"Q.   I will ask you when it was filed?

"A.   It was filed July 21, 1919.

"Q.   I will ask you what was the date of that assignment?

"A.   June 6, 1919.

"Q.   I will ask you if it has been disposed of in any way by the court?

"A.   I think it is still in court.

"Q.   What court is it in?

"A.   It is in the chancery court."

On cross-examination he testified that only the assignment and a copy of the same had been filed. There had been no sale of the property ordered by the chancery court. Since the deed was filed there had been two adjourned days and one term day.

Thomas S. Downey testified, among other things, that he was claiming the Allen stock of goods under the deed of assignment; that Allen made the assignment before he left; that the attaching creditors knew that he had the deed of assignment before the attachment was issued and levied. He told the officer who was sent to attach the goods that he was holding the goods under his receivership in bankruptcy, and that he had an assignment. On cross-examination he admitted that he had written certain letters that were handed him; that he could not swear to the facts in the letters being correct. Witness was asked if he took charge of the Allen stock of goods on May 9, as stated in the letters, and answered that he had it as receiver in the United States Court. He further stated that he took charge of the goods on May 9, for the United States Court, and later he, Allen, finally made an assignment on June 6, 1919. He was asked when he took charge of the goods under that assignment, and stated: ''I already had the goods in my hands.''

The witness further testified that he had not filed any bond and inventory in the chancery court, and had made no report to the chancery court. Further along he explained that the statement in his letter that the assignment was made on May 9 was an error; it should have said June 9. Three letters, which Downey identified as having been written by him, were introduced in evidence, and it is stated in those letters that the assignment was made on the 9th day of May, 1919, and that the stock had not been sold.

The officer who levied the attachment testified that Dalton pointed out the goods that belonged to him at the time he went into bankruptcy and that he did not

attach any of the Dalton stock, but only the goods that had been purchased by Allen after he took charge; that the trustee in bankruptcy in charge of the goods claimed that he was holding the goods as trustee. He refused to let the officer make the levy, saying that he was trustee for Allen, but later consented to the levy.

The above are substantially the facts upon which the court entered a judgment overruling the motion to quash the writ of attachment and in favor of the attaching creditors, from which judgment is this appeal.

The evidence is sufficient to sustain the findings of the court. The questions presented are purely questions of fact. There were no specific findings by the court, but the court would have been warranted under the evidence in finding that the purported deed of assignment was in fact supposititious; that there was really no valid deed of assignment executed in good faith for the benefit of the general creditors of Allen. The court was further warranted in finding that if there was a valid deed of assignment, that Downey, the assignee, had not accepted the same and taken possession thereunder of Allen's stock of goods until after the attachment had been levied; that the testimony warranted a finding that at the time the attachments were issued and levied on the goods, Downey was in possession of the goods and claiming that he had the right to possession, not as the assignee of Allen, but as trustee, or receiver in bankruptcy. The purported deed of assignment was not filed in the chancery court until several days after these attachments were levied. The assignee had not filed a bond and inventory, and had taken no possession of the property under the deed of assignment. The lower court, therefore, would have been justified in finding that the chancery court had no jurisdiction over the property in controversy at the time the attachments were served.

The judgment of the circuit court is in all things correct, and it is therefore affirmed.